UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

SHLOMO LIEBER,

      Plaintiff,

   -against-

ARON SPIRA, *et al.*,

      Defendants.

23-CV-6932 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). By order dated November 11, 2023, the Court dismissed the complaint because it failed to state any claims falling within this Court's subject matter jurisdiction, and the Court granted Plaintiff 30 days' leave to replead his claims in an amended complaint. (ECF 5.) On November 20, 2023, the Court received a letter from Plaintiff requesting an extension of time to file an amended complaint. (ECF 6.) By order dated December 11, 2023, the Court granted that request, and directed Plaintiff to file an amended complaint within 30 days of the date of that order. (ECF 7.) By letter filed on January 4, 2024, Plaintiff requested another extension of time due to "medical" issues, and he offered to submit "medical documents." (ECF 8.) By order dated January 9, 2024, the Court granted Plaintiff a 60-day extension of time, informed him that it was not necessary for him to submit medical documentation, and further alerted him that no further extensions of time would be granted. (ECF 9.) Plaintiff has now written again to request yet another extension of time, this time providing a doctor's note discussing his various physical conditions. (ECF 10, Exh. 1.)

  The Court grants Plaintiff one final extension of time to file an amended complaint that complies with the November 11, 2023 order. *This is the last extension of time that the Court will*

*grant.* Plaintiff must file an amended complaint that sets forth facts suggesting that this Court has subject matter jurisdiction of his claims.

Plaintiff is directed to file an amended complaint, as specified in the Court's November 11, 2023 order, within 60 days of the date of this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the November 11, 2023 order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 7, 2024
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　Chief United States District Judge