UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHLOMO LIEBER,

                Plaintiff,

       -against-

ARON SPIRA, *et al.*,

                Defendants.

23-CV-6932 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). On November 11, 2023, the Court dismissed this action because it failed to state a claim; in light of Plaintiff's *pro se* status, and in an abundance of caution, the Court granted Plaintiff 30 days' leave to replead his claims in an amended complaint. (ECF 5.) On November 20, 2023, Plaintiff requested an extension of time to file an amended complaint. (ECF 6.) On December 11, 2023, the Court granted that request, and directed Plaintiff to file an amended complaint within 30 days of the date of that order. (ECF 7.)

      On January 4, 2024, Plaintiff requested another extension of time due to "medical" issues, and he offered to submit "medical documents." (ECF 8.) On January 9, 2024, the Court granted Plaintiff a 60-day extension of time, informed him that it was not necessary for him to submit medical documentation, and further alerted him that no further extensions of time would be granted. (ECF 9.) On March 6, 2024, Plaintiff requested another extension of time, and attached a doctor's note discussing his various physical conditions. (ECF 10, Exh. 1.) On March 7, 2024, the Court granted Plaintiff another extension of time to file an amended complaint, and stated that it was the last extension that the Court would grant. (ECF 11.)

On May 7, 2024, Plaintiff requested another extension of time. Plaintiff states that he contacted the New York Legal Assistance Group, and was told that they cannot "help [him] until next week to amend the complaint," and that he has unsuccessfully sought to retain counsel by contacting the bar associations in Rockland and Westchester Counties. (ECF 11.)

Plaintiff filed this complaint on August 7, 2023, and the Cout has already granted him three extensions of time. This matter cannot stay open indefinitely. The Court grants Plaintiff one final opportunity to file an amended complaint, as specified in the Court's November 11, 2023 order. Plaintiff must file the amended complaint within 30 days of the date of this order. *No further extensions of time will be granted, regardless of the reason for the request.* If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the November 11, 2023 order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 8, 2024
       New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge